**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY WAYNE JONES
ADC # 70147                                                                                                PLAINTIFF

V.                                        5:07CV00282 JMM/HDY

RAY HOBBS, Chief Deputy Director,
Arkansas Department of Correction; GRANT
HARRIS, Warden, Varner Super Max, Arkansas
Department of Correction; DOE, John or Jane,
Administrator of Religious Services, Arkansas
Department of Correction; and CHARLES FREYDER,
Senior Chaplain, Varner Super Max, Arkansas
Department of Correction                                                                      DEFENDANTS

**ORDER**

Plaintiff, an inmate incarcerated in the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, accompanied by an Application to Proceed *In Forma Pauperis* (docket entry #1). For the reasons stated below, the Court orders that Plaintiff's claims be dismissed, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA").

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

1

imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

During Plaintiff's incarceration, he has filed (at least) three prior § 1983 complaints in United States District Court for the Eastern District of Arkansas that have been dismissed as frivolous.[1] Furthermore, Plaintiff's allegations, concerning a violation of the Religious Land Use and Incarcerated Persons Act and free exercise claims related to the denial of a specific diet, do not amount to a claim that he was or is in imminent danger. *See McAlphin v. Toney,* 281 F.3d 709 (8th Cir. 2002) (emphasizing that, to qualify for the imminent danger exception to the three-strikes provision, a plaintiff must allege facts establishing that he or she was in imminent danger of serious bodily injury at the time of filing the complaint). Lastly, the Court notes that Plaintiff's claims concerning his desire for a diet free of animal products have been exhaustively addressed in *Jones v. Banks et al.,* 5:02CV00415 SWW, which was decided in these same Defendants' favor following a jury trial in 2006.[2]

For all these reasons,

IT IS THEREFORE ORDERED that Plaintiff's claims are DISMISSED WITHOUT

---

[1] *See e.g.*, *Jones v. Stricklin*, 5:90CV00142 SMR (dismissed for failing to state a claim); *Jones v. Banks*, 5:01CV00216 JTR, *aff'd* 2003 WL 3159982 (8th Cir. Nov. 19, 2002)(dismissed for failing to state a claim); *Dulaney et al. v. Banks et al.*, 5:01CV00422 JWC (dismissed for failure to prosecute/frivolousness, and specifically designated a strike); *Jones v. Yancey*, 5:05CV00077 WRW (dismissed pursuant to principles of *res judicata* and specifically designated a strike); *Jones v. Hubbard*, 5:05CV00198 JMM (dismissed for failing to state a claim).

[2] A second lawsuit on these same issues was filed by Plaintiff in *Jones v. Yancey et al.*, 5:05CV00077 WRW, and was dismissed as a strike on the grounds that it concerned the very same issues that were the subject of the 2002 lawsuit that was currently pending.

PREJUDICE.  Should Plaintiff, within ten (10) days of the date of entry of this Order, submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the case style and number, his case may be re-opened.

DATED this 2nd day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE